[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12596
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20381-BB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAROD MONTRELL ALONSO,
a.k.a. Rob Dough,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 6, 2016)

Before JORDAN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Jarod Alonso appeals his conviction for being a felon in knowing possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Alonso was initially charged with a second count of possession of a firearm while under a protection order, pursuant to 18 U.S.C. §§ 922(g)(8), but that count was dismissed at trial. On appeal, Alonso argues that the district court abused its discretion in denying his motion to sever the two charges and that misjoinder permitted the introduction of evidence, in the form of a domestic violence protection order, that substantially prejudiced the jury to convict him. Upon review of the parties' briefs and the record, we affirm.

We first review *de novo* whether the initial joinder of charges under Fed. R. Crim. P. 8(a) was proper, and then examine whether the district court abused its discretion under Fed. R. Crim. P. 14 by denying a motion to sever. *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002). If improper joinder occurred, reversal is not required if the misjoinder was harmless error. *United States v. Dominguez*, 226 F.3d 1235, 1238 (11th Cir. 2000). An improper joinder is harmless unless it "results in actual prejudice because it had substantial and injurious effect or influence in determining the jury's verdict." *Id.* (quotation omitted). A denial of a severance motion will not require reversal of a conviction, "absent a clear abuse of discretion resulting in compelling prejudice against which

the district court offered no protection." *United States v. Dowd*, 451 F.3d 1244, 1249 (11th Cir. 2006) (quotation omitted).

Rule 8(a) allows two or more offenses to be charged in the same indictment, in a separate count for each offense if "the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8 is broadly construed in favor of initial joinder. *Dominguez*, 226 F.3d at 1238. In determining whether initial joinder is proper under Rule 8, the trial court examines, before trial, the allegations stated on the face of the indictment. *Id.* When faced with a Rule 8 motion, the prosecutor may proffer evidence that will show the connection between the charges. *Id.* at 1241. If the indictment and the proffered expected evidence do not provide a sufficient basis to justify joinder, then a severance should be ordered. *Id.*

Under Rule 14, the court may grant a motion to sever counts if their joinder appears to prejudice the defendant. Fed. R. Crim. P. 14(a). Compelling prejudice is assessed by determining, under the circumstances of a particular case, whether "it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own . . . conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict." *Hersh*, 297 F.3d at 1243 (quotation omitted).

3

Absent evidence to the contrary, we presume that the jury was able to follow instructions. *Id.* at 1244.

"Generally, misjoinder will not be found after dismissal of a count in an indictment during trial." *United States v. Adkinson*, 135 F.3d 1363, 1374 (11th Cir. 1998). However, "[t]his rule is inapplicable where the count justifying the joinder was not alleged by the government in good faith, i.e., with the reasonable expectation that sufficient proof will be forthcoming at trial." *Id.*

To determine whether the dismissal of some counts warrants reversal of convictions on remaining counts, we consider whether the convictions were the result of prejudicial spillover. *United States v. Prosperi*, 201 F.3d 1335, 1345 (11th Cir. 2000). Prejudicial spillover occurs where there was "evidence (1) that would not have been admitted but for the dismissed charges and (2) that was improperly relied on by the jury in their consideration of the remaining charges." *Id.* As to the first prong, evidence that nevertheless would have been admissible under Rule 404(b) does not result in prejudicial spillover. *Id.* at 1345-46. As to the second prong, we consider several factors in determining whether prejudice tainted the jury's verdict. *Id.* at 1346. First, we consider whether the jury meticulously sifted the evidence admitted for all counts. *Id.* "Relevant to this inquiry is the similarity of the evidence introduced for the separate counts: distinct evidence is less likely to result in prejudicial spillover." *Id.* Second, we consider

4

"whether the contested evidence was inflammatory in nature, and thus liable to prejudice the jury." *Id.* Third, we consider "whether admission of the other evidence significantly altered the defendant's trial strategy." *Id.* Finally, we assess the strength of the evidence against the defendant on the remaining counts. *Id.* Additionally, limiting instructions to the jury may provide further assurance that the jury did not consider improper evidence. *Id.* at 1347.

The district court did not abuse its discretion in denying Alonso's motion to sever Counts 1 and 2 because they initially were properly joined and Alonso has not demonstrated compelling prejudice. *See* Fed. R. Crim. P. 8(a); Fed. R. Crim. P. 14; *Hersh,* 297 F.3d at 1243. The dismissal of Count 2, absent evidence of bad faith, does not compel a finding of misjoinder. *See Adkinson,* 135 F.3d at 1374. In this case, the Government clearly had a good faith, reasonable expectation of obtaining a conviction on Count 2. Further, the introduction of the protection order did not result in prejudicial spillover. Alonso arguably has satisfied the first prong of the prejudicial spillover test because the order would not have been introduced absent Count 2. *Prosperi*, 201 F.3d at 1345. However, the requirements of the second prong of the analysis have not been met here. *See id.* at 1346-47. Although it is unclear whether the jury meticulously sifted through the evidence, and although the introduction of a domestic violence order may have been inflammatory and prejudicial in nature, *see id.* at 1346, Alonso does not argue, and

5

the trial records do not show, that admission of the protection order significantly altered his trial strategy, s*ee id*.  Furthermore, the only evidence that would not have been admissible in any event was the protective order and the brief testimony of the agent, Morales, that Alonso had notice and opportunity to participate in the hearing with respect to the protective order.  And the strength of the evidence against Alonso on Count 1 was overwhelming.  *See id.*  Additionally, the district court provided limiting instructions to the jury that it was only to consider the specific crime alleged in Count 1, and absent evidence to the contrary, juries are presumed to follow the district court's instructions.  Accordingly, we affirm.

**AFFIRMED.**